283 So.2d 231 (1973)
STATE of Louisiana
v.
Mitchell EDWARDS.
No. 53509.
Supreme Court of Louisiana.
September 24, 1973.
*232 LeRoy Smith, Jr., Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., John T. Seale, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant was charged in a bill of information with the crime of indecent behavior with a juvenile. He was tried by a jury and convicted of attempted indecent behavior with a juvenile. Defendant was sentenced to serve one year in the custody of the Department of Corrections, which sentence was suspended, and he was placed on supervised probation for five years. Defendant has appealed, relying on three bills of exceptions for reversal.
We find it unnecessary to consider the bills of exceptions reserved by defendant because we note, ex proprio motu,[1] a defect in the bill of information which requires that the conviction and sentence be annulled and set aside.
The bill of information filed against Mitchell Edwards simply recites:
"* * * That Mitchell Edwards * * * on the 17 day of the month of September, in the year of our Lord One thousand nine hundred and seventy two, in the Parish, District and State aforesaid, violate the laws of Louisiana by indecent behaviour (sic) with a Juvenile contrary to the form of the Statute of the State of Louisiana * * *."
Whereas, R.S. 14:81 defines indecent behavior with juveniles as follows:
"Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
"Whoever commits the crime of indecent behavior with juveniles shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both."
Under our Code of Criminal Procedure, Article 464, an indictment[2] "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."[3]
*233 Some offenses specifically enumerated in Article 465 C.Cr.P. may be charged in the short form of indictment. Indecent behavior with juveniles is not so listed in this article. Hence, it is one of the offenses which cannot be charged in the short form.
The essential elements of the crime of indecent behavior with juveniles (R.S. 14:81), as set out in the statute, are: (1) the commission by anyone over the age of seventeen; (2) of any lewd or lascivious act; (3) upon the person or in the presence; (4) of a child under the age of seventeen; (5) with the intention of arousing or gratifying the sexual desires of either person.
It is evident, and this Court has so held, that the crime denounced in R.S. 14:81 may be committed in two ways: (1) by the commission of a lewd or lascivious act upon the person; or (2) by the commission of a lewd or lascivious act in the presence of any child under the age of seventeen. The bill of information herein did not inform the accused in which way he was charged with having committed the offense. See State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950); State v. Hebert, 205 La. 110, 17 So.2d 3 (1944).
Furthermore, it is obvious that the bill of information charges none of the essential elements of the crime. Therefore, the bill of information fails to comply with the mandate prescribed by Section 10 of Article 1 of the Louisiana Constitution that "the accused shall be informed of the nature and cause of the accusation against him." See State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970).
The bill of information is fatally defective thereby rendering it invalid.
For the reasons assigned, the conviction and sentence are annulled and set aside, and the defendant is ordered discharged.
NOTES
[1] We recognized in State v. Raby, 259 La. 909, 253 So.2d 370 (1971) that this Court may notice, on appeal, ex proprio motu, errors patent on the face of the record, such as a fatally defective indictment, even though no objection has been raised below or by assignment of error here. Article 920(2) C.Cr.P.
[2] The term "indictment" includes affidavit and information under Article 461 C.Cr.P.
[3] This article changes the provisions of former Article 227 which provided that the indictment or information "must state every fact and circumstance necessary to constitute the offense."