SUMMERS, Justice.
This is an appeal by Michael J. Namias from a conviction and sentence to serve eighteen months imprisonment at hard labor on a charge of possession with intent to distribute a controlled dangerous substance, marijuana, in violation of Section 966 of Title 40 of the Revised Statutes. Five assignments of error are urged for reversal of his conviction and sentence.
Assignment 1: A motion to suppress evidence seized by members of the Jefferson Parish Sheriff’s Office was filed by defendant. The motion alleged that the affidavit upon which the warrant was based contained numerous inaccuracies and falsehoods.
At the hearing on the motion to suppress it was shown that on March 15, 1976 about 5:30 in the afternoon, narcotic agents Whitehead and Trevett of the Jefferson Parish Sheriff’s Office received a.telephone call from a confidential informant relating to a possible narcotics violation. The agents met with the informant between 6 and 7 o’clock that evening at a prearranged location. A pat down of the confidential informant was conducted, and he entered a house at 3633 W. Loyola Avenue in Kenner under surveillance by the agents. After 30 to 45 minutes, the informant came out and reported to the agents that he was shown narcotics in the house and was told they were for sale. Further periodic surveillance disclosed a number of long-haired, shabbily dressed “hippie-type white males” enter and leave the house which was later *496 ascertained to be the residence of defendant Michael Namias.
On the basis of this information the agents obtained a search warrant later that night and then proceeded to the Namias residence, searched the premises, finding and seizing approximately eight pounds of marijuana beneath a bathroom sink. Defendant and his wife were then arrested. A laboratory test confirmed that the material seized was marijuana.
At the hearing on the motion to suppress, defense counsel asked Agent Whitehead where the prearranged location was, and the prosecutor objected that the answer could indicate the identity of the confidential informant. Despite the fact that defense counsel denied that he was seeking the identity of the confidential informant, the trial judge was of the opinion that the information was not needed for the defense and he sustained the State’s objection.
In its brief to this Court the defense treats the judge’s ruling as a finding that the testimony sought to be elicited was not relevant. To support the contention that the information sought could have been relevant, defense counsel argues that if the response indicated that the prearranged location was on a busy, well-lighted street the testimony of the officers that the informant was patted down at such a location would be suspect. In addition, if the prearranged location was too far removed for the officers to observe the confidential informant entering .the Namias house, the credibility of their testimony would be brought into question.
These speculations on the part of the defense, weighed against the prosecutor’s statement that the answer may indicate the identity of the confidential informant, placed the trial judge in the position of having to resolve the differences in light of the entire record and testimony before him. In making this decision on relevancy the trial judge was vested with a wide discretion which this Court will not disturb unless there is a clear showing of abuse. No such showing had been made here. La.Rev.Stat. 15:435; State v. Junegain, 324 So.2d 438 (La.1975); State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); State v. Davis, 259 La. 35, 249 So.2d 193 (1971). This assignment is therefore without merit.
Assignment 2: Without pointing to the testimony of the narcotics officers, which is claimed to be contradictory, the defense asserts that the trial court ruling denying the motion to suppress was erroneous because of contradictions in their testimony. A reading of the transcript fails to disclose any substantial inaccuracies, contradictions or falsehoods in the testimony of the State’s witnesses. In effect, this defense assignment questions the trial judge’s determination of the credibility of the State’s witnesses. Such an attack upon the trial judge’s ruling is not well-founded on this record. This basis for attacking a trial judge ruling is, like relevancy, to be based upon a clear showing of abuse of discretion. No such abuse is shown here. State v. Barrett, 350 So.2d 664 (La.1977).
Assignment 3: When the jury was selected, but before the opening statements, defense counsel made an oral motion to quash the bill of information upon which this prosecution is based. The ground alleged is that it is drafted in the short form which is not authorized by the Code of Criminal Procedure. Article 465 of the Code, which sets forth the short forms for charging offenses, does not include a short form for possession of dangerous drugs, marijuana, with intent to distribute. Therefore, the offense involved here must be charged in the long form. State v. Wells, 283 So.2d 245 (La.1973); State v. Edwards, 283 So.2d 231 (La.1973). The requisite nature and content of the long form are set forth in Article 464:
“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for *497 reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.”
Insofar as pertinent, the challenged bill of information charges that on the 15th of March 1976 Michael J. Namias with force and arms, in the Parish of Jefferson “violated R.S. 40:966 in that . . . [he] did knowingly and intentionally possess with intent to distribute a controlled dangerous substance, to-wit: Marijuana, contrary to the form, of the Statute of the State of Louisiana, in such case made and provided, and against the peace and dignity of the State.”
Marijuana is classified as a controlled dangerous substance by statute. La.Rev. Stat. 40:962-64. It is made unlawful by Section 966 of Title 40 of the Revised Statutes for any person to knowingly or intentionally possess a controlled dangerous substance with intent to distribute. The statute also prescribes the penalty. State v. St. Romain, 292 So.2d 531 (La.1974).
“In a criminal prosecution,” the Constitution provides, “an accused shall be informed of the nature and cause of the accusation against him.” La.Const. art. I, § 13. This constitutional right is satisfied, it has been held, where in fact the defendant has been fairly informed of the charge against him, where the indictment does in fact charge a crime, when the defendant may be protected against further prosecution by asserting a plea of double jeopardy, and when he has not been prejudiced by surprise or lack of notice. State v. Anderson, 332 So.2d 452 (La.1976).
Based upon the foregoing it is the opinion of the Court that this bill of information does not purport to charge defendant under a short form of indictment. The bill substantially satisfied the constitutional requirement that the accused be informed of the nature and cause of the accusation against him. Defendant’s failure to request particulars indicates as much.
Furthermore, as required by Article 464, the indictment is a plain, concise, and definite written statement of the essential facts constituting the offense charged, and it cites the statute which defendant is alleged to have violated. This assignment is therefore without merit.
Assignment 4: “The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion . . . .” La.Rev. Stat. 15:466. The defense contends it was error for the trial judge to accept Ronald Singer as an expert in the field of narcotic analysis.
Singer is a criminalist for the Jefferson Parish crime lab, responsible for making microscopic and chemical analyses. His qualifications include a degree in biology with a chemistry minor from Tulane University, three years of post-graduate work at Louisiana State University and completion of all course work required for a Masters Degree at Loyola University of the South. He has attended several schools and workshops related to his field of expertise. He was employed for a period as an assistant biochemist with Standard Fruit and Steamship Company and later served as superintendent of that company’s analytical laboratory. Since 1972 he has worked for the Jefferson Parish crime lab performing “many thousands” of tests on marijuana. Eight different Louisiana courts, State and Federal, have accepted his qualifications as an expert in his field.
Although defense counsel could not recall the instance, he appears to be basing his contention that Singer is not qualified upon a case in which Singer made a mistaken analysis. In view of Singer’s outstanding educational qualifications and extensive experience, if he has made one mistaken analysis in the past, he would nevertheless meet the test of competency as an expert, for, as we all realize, even experts have been known to err.
Assignment 5: After the narcotic agents seized the marijuana it was furnished to Singer for analysis. He analyzed a portion of the green vegetable matter supplied as marijuana, but did not test the remainder. While he was testifying for the State, he was asked if the green vegetable *498 matter which was not analyzed was also submitted to him by the narcotic agents. Defense counsel objected to this questioning unless Singer could testify that he analyzed the green vegetable matter referred to.
The trial judge ruled that the objection was premature. Singer was not testifying that the matter had been analyzed by him, only that it had been placed in his custody along with the substances that he did analyze. The ruling was correct.
For the reasons assigned, the conviction and sentence are affirmed.