JiTHIBODEAUX, Judge.
The defendant appeals his convictions for attempted molestation of a juvenile and aggravated oral sexual battery. He was sentenced to twelve years at hard labor on the aggravated oral sexual battery conviction and five years at hard labor on the attempted molestation charge. The sentences were concurrently imposed.
We affirm.

J¿FACTS

On June 5, 1993, the defendant went fishing with Lewis Vincent, Anthony Cane, and eleven-year-old Ronald Pettipool. Ronald testified that he saw the defendant playing with himself in the woods and defendant told him not to tell anybody. He further testified the defendant performed oral sex on him and attempted anal intercourse when the other members of their party were away fishing. Ronald relayed the events to his mother who then notified the authorities.
The bills of information charging the defendant with aggravated oral sexual battery and molestation of a juvenile were in the short form of indictment. La.Code Crim.P. art. 465 lists those offenses that may be charged by short form indictment. An offense not enumerated in Article 465 cannot be charged in the short form. State v. Edwards, 283 So.2d 231 (La.1973). As aggravated oral sexual battery and molestation of a juvenile are not listed in Article 465, it was error to charge the defendant in the short form. Therefore, those offenses should have been charged in the long form in accordance with La.Code Crim.P. art. 464 which provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
The bills of information charge that the defendant “did commit aggravated oral sexual battery upon one, R.P., DOB — 3/27/82, in violation of La.R.S. 14:43.4,” and “did commit molestation of a juvenile, to wit: R.P., DOB — 3/27/82, in violation of La.R.S. 14:81.2.” As the age of the victim, R.P., was given in the bill of information charging the defendant with aggravated oral sexual battery, |3we believe the defendant was sufficiently informed that the state was charging him under La.R.S. 14:43.4(4).
“In a criminal prosecution,” the Constitution provides, “an accused shall be informed of the nature and cause of the accusation against him.” Louisiana Constitution Art. 1, § 13. The defendant’s failure to object or to request particulars indicate an understanding of the nature of the accusation. See State v. Namias, 357 So.2d 494 (La.1978). However, in State v. Edwards, 283 So.2d 231 (La.1973), the Louisiana Supreme Court noted, ex pro-prio motu, that a defendant charged under a short form of indictment was not properly informed of an indecent behavior with a juvenile charge where the bill of information simply recited:
“ * * * That Mitchell Edwards * * on the 17 day of the month of September, in the year of our Lord One thousand nine hundred and seventy two, in the Parish, District and State aforesaid, violate the laws of Louisiana by indecent behaviour (sic) with a Juvenile contrary to the form of the Statute of the State of Louisiana * * *.”
The court noted that the crime of indecent behavior with a juvenile, La.R.S. 14:81, could be committed in two ways: (1) by the commission of a lewd or lascivious act upon the person; or (2) by the commission of a lewd or lascivious act in the presence of any child under the age of seventeen. As the bill did not inform the defendant in which way he was charged with having committed the crime, nor did it charge the essential elements of the crime, the court held that the bill of information was fatally defective, thereby rendering it invalid. Accordingly, the court annulled and set aside the defendant’s conviction and sentence. Most of the *1195 cases on this subject deal with a request for a bill of particulars and what prejudice, if any, the defendant has suffered as a result of a deficiency in the bill of information/indictment. |4Unlike the bill of information in Edwards, the present bills of information cite the victim’s age and the statute under which charges were filed.
La.R.S. 14:43.3 provides, in pertinent part:
Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
B. Lack of knowledge of the victim’s age shall not be a defense.
C. Whoever commits the crime of oral sexual battery shall be punished by imprisonment, with or without hard labor, for not more than fifteen years.
La.R.S. 14:43.4 provides, in pertinent part:
Aggravated oral sexual battery is an oral sexual battery committed when the intentional touching of the genitals or anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
(5) When two or more offenders participated in the act without the consent of the victim.
Applying the Edwards standard, the bill of information charging the defendant with aggravated oral sexual battery was insufficient as it did not inform the defendant in which way he was charged with having committed the crime.
IsLa.R.S. 14:81.2 provides, in pertinent part:
Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.
The bill of information is also insufficient under the Edwards standard as there are two ways to commit the crime and the defendant was not informed in which way he was charged with having committed the crime. This is the same issue presented in State v. Edwards, 283 So.2d 231 (La.1973).
Although we entertain serious misgivings about the legal validity of the bills of information, the errors appear to be errors of form. Any error in the form of the indictment not raised pre-trial is considered waived. Furthermore, as this error is not raised by the defendant on appeal, nor did the defendant request a bill of particulars or file a motion to quash, it can be assumed the defendant was adequately informed of the nature and cause of the accusation against him. See State v. Namias, 357 So.2d 494 (La.1978).

*1196
ASSIGNMENT OF ERROR

Counsel for the defendant has complied with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). On May 5, 1994, counsel filed two assignments of error as the basis for defendant’s appeal, alleging the verdict rendered in this ease was not supported by the law and evidence. However, after a conscientious and thorough review of the trial court record and pretrial and trial notes, counsel can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
I (-ASSIGNMENTS OF ERROR NOS. 1 AND 2
In an attempt to fully review defendant’s case under Anders, we will address the assignments of error originally raised by counsel but later abandoned. By these assignments of error, the defense counsel contends the trial court erred in finding sufficient evidence to prove beyond a reasonable doubt that the defendant committed aggravated oral sexual battery and attempted molestation of a juvenile. Consequently, counsel submitted the verdicts were contrary to the law and evidence.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
In order to convict a defendant of aggravated oral sexual battery, the state must prove that the victim is under twelve years of age. In order to convict a defendant of attempted molestation of a juvenile, the state must prove the defendant is over the age of seventeen and the victim is under the age of seventeen, and there | 7is an age difference of more than two years. Also, in regard to the attempted molestation of a juvenile charge, the state must prove the defendant attempted to commit a lewd or lascivious act upon the victim or in the presence of the victim intending to arouse or gratify the sexual desires of the defendant or victim. This court in State v. Hillman, 613 So.2d 1053 (La.App. 3d Cir.1993), citing State v. Mitchell, 466 So.2d 514 (La.App. 3d Cir.1985), stated that “masturbation in the presence of a juvenile obviously meets the requirement of a lewd and lascivious act committed with the intent to arouse or gratify the sexual desires of the offender.”
The victim, R.P., testified that on June 5, 1993, he went fishing with his two uncles, Louis Vincent and Anthony Cane, and the defendant, Billy Ray Dugas. R.P. testified that when he and the defendant went into the woods to gather some firewood, he saw the defendant playing with his penis. The defendant told him not to tell anybody. R.P. further testified that later on that night, all four individuals returned to the car because of mosquitoes. Vincent and Cane left the car and went fishing. R.P. testified that while they were gone, the defendant pulled his pants down and played with his penis. Afterwards, the defendant performed oral sex on him and attempted anal intercourse. When the others returned, the defendant told him to pull his pants up and not tell anyone.
Anthony Cane testified at trial that when he and Louis Vincent returned to the car, he observed the defendant sitting up against R.P. in the front seat. Cane further testified that when he told R.P. to unlock the passen *1197 ger door, “Billy Ray had jumped over to the driver’s side, buttoned up his pants, and Ronald Lee was telling me I cannot, I am cold, I cannot unlock the door.” Cane assumed the defendant was molesting R.P. Cane told R.P. that if he did not tell his mother what happened then he would tell her himself.
IgNorma Pettipool, the victim’s mother, testified that the defendant was married to her mother. Mrs. Pettipool knew something was wrong when the group returned from fishing but did not find out what transpired until a few days later. Mrs. Pettipool testified that R.P. told her that “Billy unwrapped him, pulled down his pants, and was sucking his penis and making funny noises.” R.P. also told her that “just before Anthony and Louis came back to the car Billy was going to stick it in his butt.”
It was stipulated at trial that the defendant’s date of birth is July 4, 1943. The victim, R.P., testified at trial that he is eleven years old, his birthday being March 27, 1982. The defendant’s convictions hinged upon a determination of the credibility of the eleven-year-old victim, R.P. In this case, the guilty verdicts indicate the jury chose to believe the testimony of the victim, R.P. The testimony of the victim is sufficient to establish the elements of the offenses. The credibility of the witnesses will not be reweighed on appeal. See State v. Matthews, 450 So.2d 644 (La.1984). The evidence was sufficient to find the defendant guilty as charged. “The factual determinations of the trier of fact are entitled to great weight and will not be disturbed unless contrary to the evidence.” State v. Hillman, 613 So.2d 1053 (La.App. 3d Cir.1993).
For the foregoing reasons, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that the defendant committed the instant offenses. Accordingly, these assignments of error lack merit.

ERRORS PATENT

La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in factual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the defendant’s sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required; however, this case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992), writ denied, 612 So.2d 79 (1993).

CONCLUSION

Defendant’s convictions and sentences are affirmed. This case is remanded and the district court is ordered to amend the commitment and minute entry to reflect that the defendant be given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.