liSTEWART, Judge.
Defendant Leo Taylor was charged with simple burglary, a violation of La. R.S. 14:62. A jury found the defendant guilty of attempted simple burglary. The state filed a third felony habitual offender bill. As part of a sentencing agreement, the defendant pled guilty to the habitual offender bill and was sentenced to 12 years at hard labor without benefit of parole, probation or suspension of sentence. From this conviction, Taylor appeals, urging four assignments of error. For the following reasons, the conviction is affirmed.
FACTS
On February 23,1997, defendant Leo Taylor entered the Post Office Employee Credit Union after hours, following an unsuccessful attempt to break the building’s back window, by breaking a glass near the front door with a cinder block. A silent alarm sounded resulting in the credit union manager being alerted and the police summoned. Defendant was discovered and apprehended inside the building by Shreveport Police Officer Strickland. Pictures had been removed from the wall and stacked near defendant’s entry point. Blood was discovered along the walls where the pictures were formerly located. Strickland testified that defendant walked without any problem but had an odor of alcoholic beverages upon his breath. Strickland admitted that he had testified earlier at the preliminary examination that defendant appeared to be intoxicated.
Shreveport Police Officer Rosemary Smith testified that after defendant was placed in her police car, he attempted to kick out its back windows. She testified that defendant denied that he was intoxicated or high, and asserted that the reason he was so belligerent in the police car was the fact that he was going to jail. Smith stated that defendant had a slight stench of alcoholic beverages upon him but that his speech was clear.
^Shreveport Police Detective Todd Bice interviewed defendant in jail. Bice observed that defendant had sustained several scratches and cuts to his right hand. Bice testified *449 that defendant suffered from a “foul” body-odor combined with the stale scent of alcohol and refused to respond to the officer’s questions. Bice performed a sternum press test on defendant to determine if he was intoxicated or faking intoxication. Defendant immediately sat up and rolled over, which caused Bice to believe that defendant was not intoxicated. However, Bice’s police report asserted that defendant was “highly intoxicated and was not able to make statements.” Bice admitted his testimony changed because he now knows that intoxication can be used as a defense. Defendant had previously filed a Notice of Defense Based Upon Mental Condition.
Defendant was found guilty of attempted simple burglary. A multiple offender bill was filed and defendant pled guilty and was sentenced to 12 years at hard labor.
DISCUSSION
Assignment of error # 1: The honorable trial court erred in denying or overruling appellant’s motion for post verdict judgment of acquittal.
Assignment of error # 2: The evidence herein is legally insufficient to sustain appellant’s conviction.
In the trial court, defendant filed a motion for post-verdict judgment of acquittal, arguing that the evidence, viewed in the light most favorable to the state, did not reasonably permit a finding of guilty. La.C.Cr.P. art. 821. The trial court denied the motion. On appeal, defendant asserts that the court erred in denying the motion and argues that the evidence showed that he only “entered” the building in a drunken stupor, thereby precluding any specific intent under La. R.S. 14:15, and committed property damage.
13The motion for post-verdict judgment of acquittal concerns the sufficiency of the evidence and presents a question of legal sufficiency. State v. Foster, 26,143 (La.App. 2nd Cir. 12/9/94), 647 So.2d 1224, writ denied, 95 — 0548 (La.6/30/95), 657 So.2d 1026.
Simple burglary is defined in La. R.S. 14:62 as the unauthorized entering of any dwelling, vehicle, watercraft or other structure, movable or immovable, with the intent to commit a felony or any theft therein. A person attempts to commit simple burglary when he has the specific intent to commit the offense and does or omits an act for the purpose of and tending directly toward accomplishing his object. La. R.S. 14:27.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2nd Cir.1992), writ denied, 605 So.2d 1089 (La.1992); State v. Free, 26,267 (La.App. 2nd Cir. 9/21/94), 643 So.2d 767, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellaté court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every |4essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2nd Cir.1988).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. State v. Free, supra. It is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2nd Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bellamy, supra. A reviewing court accords great deference to a jury’s decision to accept or reject the testi *450 mony of a witness, in whole or in part. State v. Free, supra.
In the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. State v. Thomas, supra; State v. Bellamy, supra; State v. Combs, 600 So.2d 751 (La.App. 2nd Cir.1992), writ denied, 604 So.2d 973 (La.1992).
It is conceded by defendant that he was unlawfully inside the Post Office Employee Credit Union. At issue is whether his specific intent to commit a crime was precluded by intoxication.
Where the circumstances indicate that an intoxicated condition has precluded the presence of a specific criminal intent, this fact constitutes a defense to the prosecution for the crime. La. R.S. 14:15. Specific intent, being a state of mind, need not be proved as a fact but may be inferred from the circumstances involved and the actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982).
| r,Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
At trial, the jury was faced with the disturbing testimony of Shreveport Police Officer Todd Bice who wrote in his report that defendant was in a “highly intoxicated” condition and not able to make statements at the jail when Bice attempted to interview him less than an hour after the arrest. However, Bice testified at trial that he actually could not tell if defendant was intoxicated or not. Bice stated that he conducted a fire department test for intoxication upon defendant’s chest, by pressing his fingers into defendant’s sternum, which indicated to him that defendant was not as intoxicated as he wanted the officers to believe. Bice admitted that his testimony was different from that in his police report because he now knows that intoxication can be used as a defense.
Likewise, the arresting officer, Strickland, testified that he did not know if defendant was intoxicated. Strickland admitted that he had testified at the preliminary examination that defendant appeared to be intoxicated. At trial, Strickland described defendant as having an “odor of intoxication” and noted that he became irate when placed in the police car following his arrest, but observed that he walked without problem.
Officer Rosemary Smith, in whose police car defendant rode following his arrest, testified that defendant, after being Mirandized by her, spoke clearly and told her that he was not drunk or high, as she suspected because he had attempted to kick out the car’s windows. Smith testified that defendant did not appear intoxicated to her but did emanate what she described as “a slight odor of an alcoholic beverage.”
| f,The record is clear that defendant was not discovered inside the building lying in a drunken stupor. Scratches and indentions on the building’s back windows establish his initial intention to break in at a location where he would be camouflaged. When discovered, defendant was walking about in the building. Most significantly, defendant had removed pictures that were hanging on the walls inside the building and had them stacked against the wall. After being Miran-dized, defendant admitted to the officers that he was in the building “getting stuff.”
While the testimonies of Officers Bice and Strickland regarding defendant’s sobriety that night are astonishingly spurious and without credibility, the jury heard the testimony of Officer Rosemary Smith who found defendant to be offensively scented but not intoxicated. Her testimony alone is sufficient to support the intent necessary to convict defendant. Defendant was clearly unlawfully inside the building stacking up pictures with the intent to remove them. His statement corroborates his actions. Viewing all the evidence in the light most favorable to the state, the jury could have reasonably concluded that defendant was not intoxicated and had committed acts for the purpose of accomplishing a crime. Thus, the record supports defendant’s conviction for attempted simple burglary and the assignments of error are without merit.
*451 Assignment of error # 3: The honorable trial court erred in allowing testimony regarding any statements made by appellant at the time of his arrest.
Assignment of error # U: The honorable trial court impermissibly restricted appellant’s right to present a defense by prohibiting testimony from Detective McCarthy regarding declarations against interest made by appellant during custodial interrogation.
In assignments of error three and four, defendant asserts that the trial court erred by prohibiting testimony from Shreveport Police Detective T.C. McCarthy regarding declarations against interest made by defendant during his • custodial ^interrogation. The state objected to McCarthy testifying as to defendant’s statement. Defendant’s statement to McCarthy, which was profferred into this record, asserts that on the date of the offense he was highly intoxicated and had no recollection of the offense. The trial court found the statement to be a self-serving exculpatory statement and prohibited its introduction into evidence.
Defendant argues that because the state offered testimony through Officer Rosemary Smith that defendant was not intoxicated, he was entitled to introduce statements he made to McCarthy saying he was intoxicated.
The state argued, and the trial court agreed, that defendant’s own statement which he offered in his own favor constituted hearsay under La. C.E. art. 801(D)(2)(a). In State v. Freeman, 521 So.2d 783 (La.App. 2nd Cir.1988), writ denied, 538 So.2d 586 (1989), this court stated:
Generally, any out-of-court statement of the accused constitutes hearsay unless subject to an exception. Such a statement is admissible as an exception to the hearsay rule when it is an admission against interest. Thus, the defendant may not introduce his own self-serving exculpatory statements because they are hearsay, (citations omitted)
Defendant’s statement is clearly exculpatory. If the statement is self-serving, it is not admissible. State v. Melerine, 236 La. 930, 109 So.2d 471 (1959); State v. Freeman, supra. The trial court did not err in excluding defendant’s own self-serving exculpatory statement.
The assignments of error are without merit.
ERROR PATENT
At sentencing, the trial court informed defendant that he had “up to three years” to seek post-conviction relief. Actually, the three year prescriptive period does not begin to run until the conviction is final. La.C.Cr.P. art. 930.8. Thus, prescription has not yet begun to run. State v. Harvey, 26,613 (La.App. 2nd Cir. |81/25/95), 649 So.2d 783, writs denied, 95-0430 (La.6/30/95), 657 So.2d 1026 and 95-0625 (La.6/30/95), 657 So.2d 1028; State v. Mock, 602 So.2d 776 (La.App. 2nd Cir.1992). However, this defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the ease for resentencing. State v. Cox, 604 So.2d 189 (La.App. 2nd Cir.1992); State v. Mock, supra; La.C.Cr.P. arts. 921, 930.8(C).
We direct the district court to accurately inform defendant of the correct prescriptive period by written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2nd Cir.1992).
CONCLUSION
For the foregoing reasons, we affirm the conviction of defendant Leo Taylor for attempted simple burglary and direct the district court to properly inform defendant regarding filing of applications for post-conviction relief.
AFFIRMED.