(No. 29093.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST JOHNSON, Plaintiff in Error.

*Opinion filed January 23, 1946.*

EVERETT SIMPSON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted, in the municipal court of Chicago on two charges of contributing to the delin-

quency of a child. The cases were consolidated in the Appellate Court. The sole question presented is the sufficiency of the information to state a crime. Only the common-law record is before us. The Appellate Court affirmed the judgment of the municipal court.

The question raised here concerns the sufficiency of the information, which in each case charged, in the language of the statute, that plaintiff in error on November 1, 1944, at the city of Chicago, did unlawfully, knowingly and wilfully encourage a named female person under the age of 18 years, to-wit, 8 years of age, to be or to become a delinquent child, and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said child to be or become a delinquent child, in that he, the said Ernest Johnson, did commit an indecent act on the person of the said named child, contrary to the form of the statute, etc.

It is plaintiff in error's contention that the information in each case against him does not charge an offense under the statute because of the failure to allege specific acts. This court has held that an indictment or information stating an offense in the language of the statute is valid. *People* v. *Rogers,* 324 Ill. 224; *People* v. *Butler,* 268 Ill. 635; *People* v. *Scattura,* 238 Ill. 313.

It is the general rule that it is sufficient to state the offense in the language of the statute, where the act clearly defines the offense, or if the defendant is so notified of the charge as to be able to prepare his defense and the jury can understand the offense and the court pass sentence upon the conviction. (*People* v. *Donaldson,* 341 Ill. 369; *People* v. *Billow,* 377 Ill. 236.) Where the act does not specifically define the crime, some act showing alleged violation of the statute must be averred. *People* v. *Chiafreddo,* 381 Ill. 214; *People* v. *Lewis,* 319 Ill. 154.

The term "indecent act" is a term of common usage, and the language of the information in this case, charging plaintiff in error with violation of the statute by committing an indecent act upon the person of the complaining witness in each case, is sufficient. *People* v. *Jensen,* 392 Ill. 72; *Block* v. *City of Chicago,* 239 Ill. 251; *People ex rel. Odell* v. *Flaningam,* 347 Ill. 328.

It is also the rule that when the court has jurisdiction of the subject matter an attack on the allegations of an information because they are not sufficiently specific should be taken advantage of by motion to quash. (*People* v. *Pamilio,* 359 Ill. 609.) No such motion was made in this case.

The judgment of the Appellate Court is right and is affirmed.

*Judgment affirmed.*