HAWTHORNE, Justice.
 

 Defendant, Luke D. Prejeari, charged in a bill of information with the crime of in
 
 *1075
 
 decent behavior with a juvenile, was convicted and sentenced to serve seven months in the parish jail. From this conviction and sentence he has appealed to this court, relying for reversal on two bills of exception. The first bill of exception was reserved to the overruling by the court of a motion to quash the information, and the other to the refusal of the trial judge to grant a continuance on motion of the defendant.
 

 The trial judge in overruling defendant’s motion to quash granted him the right to file a motion for a bill of particulars within five days in order that he could require the State to furnish' additional information. Reserving his rights under his motion to quash, defendant then filed a motion for a bill of particulars in which he requested the State to set out the particular acts or particular conduct claimed to have been committed upon the person of the juvenile, and the State furnished the information requested. On the day the case was fixed for trial, defendant filed a motion for a continuance on the ground that he had not had sufficient time in which to prepare a defense against the charge contained in the bill of information and the acts alleged iñ the State’s answer to the motion for a bill of particulars. This motion for a continuance was overruled.
 

 It is the contention of the defendant under his first bill of exception that the bill of information, in which the act done is described merely as a “lewd and lascivious” one, is not sufficient to inform him of the nature of the crime which he is charged as having committed. He contends that the very nature of the crime is such that an accused in order to be guilty must have committed some act upon the person or in the presence of a child under the age of
 
 17
 
 years; that therefore the act necessary to constitute the crime is of necessity the very essence of the crime, and that, if the bill of information does not specify the act which the accused has committed, it is fatally defective.
 

 The crime of which defendant stands convicted is denounced in Article 81 of the Louisiana Criminal Code thus: “Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.”
 

 The bill of information charges the offense as follows: “ * * * That Luke D. Prejean * * * then and there being, a person over the age of seventeen years, did feloniously and unlawfully commit a lewd and lascivious act upon the person of (a named juvenile), she being a child under the age of seventeen years, with the intention of arousing and gratifying the sexual desires of the said Luke D. Prejean
 
 %
 
 * ‡
 
 »
 

 
 *1077
 
 In support of his contention under this bill, defendant relies principally on Article 1, Section 10, of our Constitution, which provides: “In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him * * The same guaranty is contained in the Sixth Amendment of the Federal Constitution. The question, then, is : Does the bill of information meet this mandatory requirement of the Constitution?
 

 The crime denounced in Article 81 may be committed in two ways, (1) by the commission of a lewd or lascivious act upon the person, or (2) by the commission of a lewd or lascivious act in the presence, of any child under the age of 17, etc. See State v. Hebert, 205 La. 110, 17 So.2d 3. The bill of information in the instant case charges the offense as having been committed upon the person of the juvenile and is in the language of the statute. As a general rule, an indictment or information in the language of the statute is sufficient, but an exception is made where the statute defines the crime in such general terms that the accused is not apprised in an indictment couched in its language of the nature and cause of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the 'same offense. This principle of law is so well established that no citation of authority is necessary.
 

 The crime denounced by the statute is
 
 indecent behavior with juveniles,
 
 and the statute sets forth with clarity and certainty all elements necessary to constitute the crime: (1) The commission of a lewd or lascivious act (2) upon the person or in the presence (3) of any child under 17 (4) by any person over the age of 17 (5) with the intention of arousing or gratifying the sexual desires of either person.
 

 The words “lewd” and “lascivious”- found in the statute are not vague and indefinite. On the contrary, they have a well defined, well understood, and generally accepted meaning, and by their use an accused is informed of the nature of the act he is alleged to have committed. The word “lewd” means lustful, indecent, lascivious, and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner. The word “lascivious” means tending to excite lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in respect to sexual relations. See Black’s Law Dictionary (DeLuxe Ed.). Moreover, we are entitled to study these words in their context, and, when we do this, there can be no possible doubt as to their import here. These words are used in the statute to describe an act done “with.the intention of arousing or gratifying the sexual desires”, so that, by the bill of information as worded, the accused is fully informed of the na
 
 *1079
 
 ture and cause of the offense charged, that is, that he is charged with having done an act upon the person of a juvenile which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and 'relating to sexual impurity or incontinence carried on in a wanton manner.
 

 Upon analysis it is obvious that defendant’s real complaint is that the bill of information in the instant case does not set forth the nature of the evidence by which the State expects to prove the charge.
 

 Such crimes as murder, manslaughter, and negligent homicide, for instance, may be committed in many different ways and by many different acts. In an indictment charging any of these offenses it is not necessary to set forth the particular acts constituting the.elements of the crime, and there is no sound reason why an information couched in the language of Article 81 of the Criminal Code should not be similarly regarded.
 

 The Constitution of the State of Illinois contains the same guaranty in its bill of rights as does ours (Ill. Const. of 1870, Art. II, sec. 9.), and that state has a statute very similar to the one we have here under consideration, which reads:
 
 “
 
 * * * any person of the age of seventeen years and upwards who shall take, or attempt to take, any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member, thereof, of such child, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child * * * shall be imprisoned * * *Act of May 17, 1907, p. 266, 38 Smith-Hurd Ann. St. Ch. 38, sec. 109.
 

 In People v. Sims, 393 Ill. 238, 66 N.E.2d 86, 87, defendant, charged under that statute, contended in a motion to quash that the indictment was insufficient to charge him with any crime whatever, in that it failed to allege or set forth any facts sufficient to show that he had actually taken immoral, improper, or indecent liberties with a child. The indictment in that case charged that “ * * * the defendant. Charles C. Sims, being a male person of the age of seventeen years and upwards, unlawfully and feloniously did then and there take certain
 
 immoral, improper
 
 and
 
 indecent
 
 liberties with a certain female child under the age of fifteen years and of, to-wit: the age of fourteen years, with intent then and there of arousing, appealing to and gratifying the lust, passions and sexual desires of him, the said Charles C. Sims.
 

 * * * ” (All italics ours.) The Supreme Court of Illinois said:
 

 
 *1081
 
 “ * * * The charge is made in the language of the statute.
 

 “ * * * we have held that it is sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified with reasonable certainty of the precise offense with which he is charged. * * *
 
 The indictment was substantially in the language of the statute and was entirely szifficient to notify the defendant of the nature of the offense zvith which he is charged.
 
 * * *
 

 jjj * ‡
 
 %
 
 ‡
 
 *
 

 “The indictment specifically charged that plaintiff in error had taken immoral, improper and indecent liberties with a child •of a certain age with intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of the said plaintiff in error, * * * and this certainly apprised the plaintiff in error of the offense with which he was charged. * * * ”
 

 In People v. Scattura, 238 Ill. 313, 87 N.E. 332, 333, the defendant was charged with violating that statute, in the following language: “* * * ‘being a male person of the age of seventeen years and upwards, unlawfully and feloniously did take .certain immoral, improper, and indecent liberties with a certain female child under the age of fifteen years and of the age óf seven years * * *, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of him, the said Giralamo Scattura.’ ” The court in the course of its opinion said:
 

 “A motion was made to quash the indictment because it did not describe
 
 the particular acts constituting the
 
 immoral, improper,
 
 and indecent liberties.
 
 Under section 408 of the Criminal Code [SmithHurd Stats, c. 38, § 716] an indictment is sufficient which states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury. In the construction of this section we have held that it is sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified with reasonable certainty of the precise offense with which he is charged. * * * The indictment was substantially in the language of the statute, and was entirely sufficient to notify the defendant of the nature of the offense with which he was charged. The motion to quash was properly overruled.”
 

 The Supreme Court of Illinois in other cases has held that in indictments in the language of that statute it is not necessary to set out the facts constituting the elements of the crime. See People v. Rogers, 324 Ill. 224, 154 N.E. 909; People v. Jensen, 392 Ill. 72, 64 N.E.2d 1; People v. Johnson, 392 Ill. 409, 64 N.E.2d 878.
 

 
 *1083
 
 The Supreme Court of the United States in Bute v. People of State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 766, 92 L.Ed. 986, had for its consideration an indictment drawn under the Illinois statute which read thus: “that Roy Bute * * * being a male person of the age of seventeen (17) years and upwards, did then and there unlawfully and feloniously take certain immoral, improper and indecent liberties with a certain female child, under the age of fifteen (15) years, and of the age of eight (8) years, to-wit, * * * with intent of arousing, appealing to and gratifying the lust, passion and sexual desires of him the said Roy Bute * * *.”
 

 With reference to the sufficiency of this indictment the Supreme Court said: “An indictment stating this offense substantially in the language of the statute, though not setting out facts constituting the elements of the crime, was sufficient. * * * ”
 

 The following quotation from State v. Kernan, 154 Iowa 672, 135 N.W. 362, 363, 40 L.R.A., N.S., 239, shows that the Iowa court has made a similar holding: “The accused was indicted under [a statute] denouncing as a crime the willful commission of ‘any
 
 lewd, immoral,
 
 or
 
 lascivious
 
 act upon or with the body, or any part thereof, of a child of the age of 13 years or under, with the intent of
 
 armsing, appealing to, or gratifying
 
 the lust or
 
 passions or sexual desires of such person,
 
 or of such child.’ The indictment was substantially'in the language of the statute and, as it so individuated the offense that the accused had proper notice of the crime charged, the indictment was good. * * *” See also State v. Schumacher, 195 Iowa 276, 191 N.W. 870.
 

 In other jurisdictions the courts have held that indictments couched in the language of statutes denouncing certain sex crimes are sufficient, stating that it is unnecessary to set out any facts constituting the elements of the crime. Koa Gora v. Territory of Hawaii, 9 Cir., 152 F.2d 933, certiorari denied 328 U.S. 862, 66 S.Ct. 1362, 90 L.Ed. 1632; Glover v. State, 179 Ind. 459, 101 N.E. 629, 45 L.R.A., N.S., 473; People v. Carey, 217 Mich. 601, 187 N.W. 261.
 

 Further in support of his contention the defendant cites and relies on the case of State v. Hebert, 205 La. 110, 17 So.2d 3. This court in that case sustained a motion to quash the bill of information which charged that the defendant “ * * * being over the age of seventeen did unlawfully and feloniously commit indecent behavior, as defined by Article 81 of the Louisiana Criminal Code (Act 43 of 1942) with-, a juvenile under the age of seventeen years.” The basis of our ruling in that case was that the statute under which the defendant was charged clearly set forth that the offense of indecent behavior with a júvenile could be committed in two ways, as we have hereinabove pointed out, and that the bill of information did not inform the accused in which way he was charged
 
 *1085
 
 with having committed the' offense. It is true that the court said in the course of its opinion that in either case the defendant was entitled to specific information as to the kind and character of the acts he is alleged to have committed, but this expression is merely obiter dictum and was unnecessary. for decision in that case, and is not a correct statement of our appreciation of the law applicable to the instant case.
 

 We therefore conclude that the bill of information in the case here under consideration, written in the language of the statute, was sufficient and fully informed the defendant of the nature and cause of the accusation against him so that he might prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. Since we have reached this conclusion, it is not necessary for us to discuss what effect, if any, defendant’s motion for a bill of particulars and the State’s answer thereto had on the bill of information as drawn.
 

 With reference to the second bill of exception, which was reserved to the overruling of defendant’s motion for a continuance made on the ground that he did not have reasonable time to prepare his defense after the State’s answer to his motion for a bill of particulars was filed, the record discloses that defendant was arraigned and pleaded not guilty on March 4, 1949, three months before he was tried. The case was fixed for trial for March 11 but was not tried on that date. On May 13 the case was fixed for trial for May 18 but was continued at the request of the attorney for the defendant to May 25. On this date the court overruled defendant’s motion to quash, and defendant was given five days in which to file a motion for a bill of particulars. On May 27 the case was fixed for trial for June 2. On May 31 defendant filed his motion for a bill of particulars, which was answered by the State on June 1. Defendant was tried and adjudged guilty on June 2.
 

 The granting or refusing of any continuance is within the sound discretion of the trial judge, but any arbitrary or unreasonable abuse of such discretion ,may be reviewed by this court. Art. 320, La. Code Cr. Proc. The record does not disclose any arbitrary or unreasonable abuse of the trial judge’s discretion in denying defendant’s motion for a continuance, nor does the defendant point out to this court that, due to the short time which intervened between the filing of the State’s answer and the trial, he was deprived of any witness who would have testified in his behalf, or that he was met with any surprise evidence against which he was not prepared to defend.
 

 For the reasons assigned, the conviction and sentence are affirmed.