hPER CURIAM:*
In this delinquency proceeding against the defendant for the aggravated rape of his five-year-old cousin, the prosecutor precluded review of evidence which may have been obvious to the perception of the juvenile court by *850 failing to describe for the record the victim’s actions as she used anatomically-correet dolls during her testimony. On the basis of the recorded testimony, the court of appeal found that the state had failed “to prove the necessary element of sexual penetration beyond a reasonable doubt, and did not exclude every reasonable hypothesis of innocence as to an aggravated rape, because: (1) the State was unable to present any medical or physical evidence tending to show penetration and (2) the victim was unable to accurately testify as to whether the defendant had actually penetrated her.” State In the Interest of M.Q., 97-1428, p. 3 (La.App. 4th Cir.2/11/98), 707 So.2d 521. Given the victim’s testimony that after the defendant lay on top of her and removed her underwear, she felt “it” “on [her] butt,” the Fourth Circuit vacated the defendant’s adjudication and sentence of juvenile life for aggravated rape, entered an judgment of attempted aggravated rape, and remanded for further proceedings.
The state had, however, also introduced evidence from the victim’s aunt that moments after the incident, and after the aunt had caught the defendant hastily pulling up the victim’s |2underwear and his own, the victim informed her that “Marshall stuck the part that he pees out of in my butt.” This statement was admissible for the truth of the matter asserted. La.C.E. art. 801(D)(1)(d) (victim’s initial complaint of sexual abuse consistent with his or her in-court testimony qualifies as non-hearsay); State v. Prestridge, 399 So.2d 564, 572 (La.1981) (“[I]n prosecution of sex offenses the better rule is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that the complaint was the product of a shocking episode and not a fabrication.”). In addition, during the medical examination conducted in the University Hospital Pediatric Emergency Room two or three hours later, the victim made a similar statement in the presence of her mother and the examining physician, who was attempting to obtain a medical history for purposes of treatment and a clarification of what the victim had meant when she first stated, “He put his thing on my back.” The victim’s statement to the physician, that defendant had put his “thing he makes pee with where the poo poo comes out,” was also admissible for its substantive content. La. C.E. art. 803(4) (statements made for purposes of medical treatment and medical diagnosis excepted from hearsay rule); State v. Thom, 615 So.2d 355, 362-63 (La.App. 5th Cir.1993) (rape victim’s statements to an emergency room nurse about the details of the rape were admissible under art. 803(4) because the statements were provided for purposes of medical diagnosis and treatment). These statements constituted direct, not circumstantial, evidence of penetration. See 1 McCormick on Evidence, § 185, p. 777 (John W. Strong ed., 4th ed. 1992) (“Direct evidence is evidence which, if believed, resolves a matter in issue. Circumstantial evidence may also be testimonial, but even if the circumstances depicted are accepted as true, additional reasoning is required to reach the proposition to which it is directed.”) (footnote omitted).
Qualified as an expert in child sexual abuse, the examining physician testified that in over half of the cases the victims 13show no physical signs of abuse. The absence of objective medical findings of trauma therefore did not preclude the possibility of sexual penetration in this case. The physician otherwise found spontaneous revelations of anal penetration by a young child “very unusual,” and all the more significant in a case in which the victim’s mother plainly had not coached her daughter but instead expressed her family’s concern that “this was her cousin and she didn’t want to do anything.” In this context, a rational trier of fact, taking into account that the state’s case called upon the five-year-old victim to confront and accuse her older cousin in a formal court proceeding, could find that the defendant had penetrated his younger cousin, “however slight[ly].” La. R.S. 14:41(B).
Accordingly, the decision of the Fourth Circuit is reversed, the judgment rendered by the juvenile court is reinstated, and this case is remanded to the juvenile court for execution of its disposition order.
DECISION OF THE COURT OF APPEAL REVERSED; DISPOSITION OR *851 DER OF THE JUVENILE COURT REINSTATED; CASE REMANDED.
CALOGERO, C.J., dissents being of the opinion that the Court of Appeal judgment was correct.
KNOLL, J., dissents.

 LEMMON, J. not on panel. See La. S.Ct. Rule IV, Part II, Sec. 3.