For majority opinion of the court, see La., 728 So.2d 849.
CALOGERO, C.J.,
would grant the rehearing and assigns reasons.
This fourteen-year-old defendant was adjudicated delinquent in juvenile court on a charge of aggravated rape. On such conviction, the law requires that he be committed to the custody of the Department of Public Safety and Corrections until his twenty-first birthday without benefit of probation or parole. La.Ch. C. art. 897.1. The court of appeal found that there was insufficient evidence to support such an adjudication, and therefore substituted for the juvenile court’s verdict an adjudication for the lesser included offense of attempted aggravated rape and remanded the case for the appropriate disposition. On remand from the court of appeal, the juvenile court would be at liberty to subject the defendant to a range of dispositions from as much as what it did impose for the adjudication of aggravated rape, ie. juvenile incarceration until the age of twenty-one, to a significantly less severe punishment.
I would affirm the court of appeal which remanded the case to the juvenile court to impose an appropriate disposition for attempted aggravated rape.
I dissent from the majority’s affirming the aggravated rape adjudication because I believe that the victim’s initial complaint of sexual abuse to her aunt was inadmissible hearsay evidence. It was not “consistent with ... her in-court testimony” (at trial, she testified that the defendant put his penis “on” her butt) as is required by Louisiana Code of Evidence article 801(D)(1)(d).
And, while the victim’s, statement made to her physician may nonetheless be admissible as a statement made for the pur-' pose of medical treatment under Louisiana Code of Evidence article 803(4) irrespective of whether it is consistent with her trial testimony, I am of the belief that the statement she made to the doctor (essentially saying that he put his penis at her anus) is only marginally relevant in establishing penetration when considered in conjunction with the victim’s in-court testimony. I am now not convinced that the court of appeal has erred, and thus would grant the rehearing.