848 So.2d 557 (2003)
STATE of Louisiana
v.
Woodrow DAVIS, Jr.
No. 2002-K-1043.
Supreme Court of Louisiana.
June 27, 2003.
Richard P. Ieyoub, Attorney General, James C. Downs, District Attorney, Roger J. Breedlove, Alexandria, Counsel for Applicant.
Paula C. Marx, Lafayette, Counsel for Respondent.
PER CURIAM.
In reversing defendant-respondent's conviction and sentence for unauthorized entry of an inhabited dwelling in violation *558 of La.R.S. 14:62.3(A), the court of appeal concluded that "[g]iven the longtime relationship between Ms. Reed [the victim] and the defendant, Ms. Reed's admitted addiction to crack cocaine, the defendant's explanation for his early hours visit to her apartment, and the delay between the incident and Ms. Reed's report of the incident, we find that the state did not sufficiently prove every element to exclude every reasonable hypothesis of innocence." State v. Davis, 01-1177, p. 6 (La.App. 3rd Cir.2/6/02), 812 So.2d 158 (unpub'd).
We granted the state's application to reverse the decision below because the court of appeal erred in addressing the sufficiency of the evidence as if the state's case turned exclusively on circumstantial evidence. Jurors might have paused in making a credibility determination between the victim, a self-confessed cocaine addict, who had spent approximately five years in what she freely described as a "dysfunctional" relationship which "got physical most of the time" with respondent, her next door neighbor, who had prior convictions for burglary and aggravated battery, and a drug habit of his own. However, the victim's testimony provided direct evidence that after an earlier argument in which they had "passed words," the defendant entered her residence without her permission through the locked back door and confronted her with a screwdriver, prompting the victim, who denied that she had given him a key to her residence, to retrieve a knife from underneath the pillow on her bed and to cut the defendant over his eye in a struggle before she pushed him out of the door. See State in Interest of M.Q., 98-1017, p. 2 (La.1/29/99), 728 So.2d 849, 850 ("`Direct evidence is evidence which, if believed, resolves a matter in issue. Circumstantial evidence may also be testimonial, but even if the circumstances depicted are accepted as true, additional reasoning is required to reach the proposition to which it is directed.'") (quoting 1 McCormick on Evidence, § 185, p. 777 (John W. Strong, ed., 4th ed 1992)(footnote omitted)).
Because the direct evidence provided by the victim, if believed by the trier of fact, established all of the essential elements of the charged offense, i.e., that respondent had made an "intentional entry ... without authorization into an[ ] inhabited dwelling... used in whole or in part as a home," La.R.S. 14:62.3(A), the only question on sufficiency review in the present case is whether the jury acted rationally in finding the victim's testimony credible. State v. Mussall, 523 So.2d 1305, 1310 (La.1988)("[I]rrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.")(footnote omitted).
We agree with the court of appeal that the circumstantial evidence in the case, i.e., the pry marks the investigating officer at first "thought," and then was sure, he observed on the back door, consistent with the use of a screwdriver to gain entry, and the blood he found "somewhere" on the floor of the victim's residence, did not alone negate beyond a reasonable doubt the defendant's exculpatory account that he had simply used a key given to him by the victim to gain access to her apartment, after they had had sex and consumed drugs on his side of the common wall, and then found himself cut above the eye by the victim angered over his explanation that she would have to wait several hours before he could buy her some more cocaine. The officers responding to the victim's call did not find a screwdriver or photograph the scene to preserve any evidence, and the initial report of the incident *559 did not even mention the existence of the pry marks at the back door. In addition, although his prior record eroded the credibility of his testimony, respondent's account at least provided jurors with an explanation of why the victim appeared to have waited several hours before calling the police.
Nevertheless, the task of an appellate court reviewing the sufficiency of the evidence is not to second-guess the credibility choices of the trier of fact "beyond... sufficiency evaluations under the Jackson [v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] standard of review." State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). A victim's or eyewitness's testimony alone is therefore usually sufficient to support a verdict. State v. Bright, 98-0398, p. 24 (La.4/11/00), 776 So.2d 1134, 1148; State v. Rash, 444 So.2d 1204, 1206-07 (La.1984); State v. Bland, 419 So.2d 1227, 1230, n. 3 (La.1982); State v. Rives, 407 So.2d 1195, 1197 (La.1981). In the present case, jurors had full disclosure of the circumstances bearing on the credibility of the testimony given by the victim and respondent within the larger context of a long-term dysfunctional relationship marked by physical confrontations and drug use on both sides. Given police testimony about the pry marks on the one hand, and respondent's prior felony record on the other, we cannot say that the jury's verdict resting on the credibility of the victim's testimony and rejection of respondent's exculpatory account appears so irrational that an appellate court must intervene to assure due process of law.
The decision below is therefore reversed and this case is remanded to the court of appeal for consideration of the remaining assignments of error pretermitted on original appeal.
DECISION OF COURT OF APPEAL REVERSED; CASE REMANDED FOR ADDITIONAL CONSIDERATION.