NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-0797

STATE OF LOUISIANA

VERSUS

PAUL D. MASSEY

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 59342
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks and Jimmie C. Peters, Judges.

CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.

Don M. Burkett
District Attorney
Clifford R. Strider, III
Assistant District Attorney
Post Office Box 1557
Many, LA 71446
(318) 256-6246
COUNSEL FOR APPELLEE:
     State of Louisiana

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Paul D. Massey**

PETERS, J.

The State of Louisiana (state) charged the defendant, Paul D. Massey, by grand jury indictment with three counts of molestation of a juvenile, violations of La.R.S. 14:81.2(C). After trial on the merits, a jury returned its verdict finding the defendant not guilty on the first of the three counts; guilty of the responsive verdict of attempted molestation of a juvenile, a violation of La.R.S.14:81.2(C) and La.R.S. 14:27, on the second count; and guilty of the responsive verdict of indecent behavior with juveniles, a violation of La.R.S. 14:81, on the final count. After polling the jury, the trial court entered a mistrial as to the first count. Thereafter, the trial court sentenced the defendant to serve six years at hard labor on each of the last two counts and ordered that the sentences run consecutive. After the trial court denied the defendant's motion to reconsider his sentences, the defendant filed this appeal, asserting four assignments of error. For the following reasons, we affirm the defendant's convictions but vacate the sentences and remand the matter to the trial court for resentencing.

**DISCUSSION OF THE RECORD**

The criminal charges against the defendant arise from activity which is alleged to have occurred on two separate occasions at Pleasure Point State Park on Toledo Bend Lake in Sabine Parish, Louisiana. The first count arose from allegations that the defendant molested R.C.J.[1] on or about August 12 through August 14, 1993. The second count arises from allegations that approximately one year later (on or about August 7 through August 9, 1994) the defendant again molested R.C.J. The final count charges that during the same time period of the second count, the defendant

---

[1]The initials of the victims are being used in accordance with La.R.S. 46:1844(W).

molested R.C.J.'s sister, M.W.J. During all of 1993 and 1994, both R.C.J. and M.W.J. were juveniles.[2]

With regard to the second and third count of the indictment,[3] R.C.J. testified that on August 7, 1994, he and a friend accompanied the defendant to Pleasure Point State Park for a weekend excursion, and that they were later joined by M.W.J. and Debbie Massey, the defendant's wife. According to R.C.J., while the group was swimming, the defendant grabbed him around the waist, pulled him close, and ran his hands down his pants, fondling R.C.J.'s penis and testicles in the process. R.C.J. testified that when the defendant then took his (R.C.J.'s) hand and placed it in the defendant's pants, he (R.C.J.) became aware that the defendant had an erection. R.C.J. testified that the defendant repeated his actions the next day.

According to R.C.J., the 1993 and 1994 incidents were not the first time the defendant had acted inappropriately toward him. He testified that in 1994, as he assisted the defendant in repairing his boat, the defendant had fondled him.

M.W.J.'s testimony was similar to that of her brother. She testified that while swimming with the group on the August 1994 weekend, the defendant came up behind her, reached into her bathing suit, fondled her vagina, and attempted to place his fingers into her vagina. She further testified that later that evening she encountered the defendant emerging from the restroom area wearing a shirt and towel. According to M.W.J., the defendant removed his towel, thereby exposing his penis. He then asked her to tell him how big his penis was and what it looked like, and asked her to touch it.

---

[2]The record establishes that R.C.J. was born on February 7, 1983, and M.W.J. was born on July 2, 1984.

[3]Because of the jury verdict concerning the first count and the trial court's subsequent grant of a mistrial, we find it unnecessary to discuss the evidence presented with regard to the first count.

As was the case with her brother, M.W.J. testified that the defendant had acted inappropriately with her on other occasions. She testified that on a visit to the defendant's residence in 1990, he unbuttoned her dress, fondled her breasts, slipped his hand inside her panties, and fondled her vagina. She also recalled a 1994 canoe trip when the defendant fondled her breasts.

The state also presented the testimony of two other individuals who asserted that the defendant had acted inappropriately with them when they were children. K.D recalled that on the same canoe trip testified to by M.W.J., the defendant placed his hand between her legs over her bathing suit and jerked and wiggled his fingers.[4] Additionally, D.F. testified that in 1983 the defendant unbuttoned her shorts and rubbed her "where you're not supposed to touch children."[5]

The defendant testified at his trial and denied any inappropriate behavior with either of the alleged victims or with any other child. He acknowledged that he probably had grabbed the boys around the waist and thrown them into the air while they swam, and that he may have rubbed them with sun block, but denied ever having touching their genitalia.

The defendant's wife supported his version of the weekend events and testified that at no time did either R.C.J. or M.W.J. go to the restroom alone. Additionally, she testified that at no time did she see her husband walking around with only a towel from the waist down.

In his appeal, the defendant asserts four assignments of error:

---

[4]At the time of the canoe trip, K.D. was eleven years old.

[5]D.F. was seven years old at the time of the incident.

1.  There is insufficient evidence to prove the guilt of defendant for the offenses of attempted molestation of a juvenile and indecent behavior with a juvenile beyond a reasonable doubt.

2.  The trial court erred in admitting prejudicial other crimes evidence.

3.  The trial court erred in failing to grant a mistrial when, after polling the jury, the jurors did not unanimously concur in the verdict, and then in requiring a second polling of the jurors.

4.  The sentences imposed are excessive for this offender and these offenses.

## OPINION

### *Errors Patent*

Louisiana Code of Criminal Procedure Article 920(2) requires that we review all appeals for errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." In performing this review, we find one such error which requires that we vacate the sentences imposed and remand the matter for resentencing.

The trial court sentenced the defendant the same day it denied his motion in arrest of judgment.[6] Louisiana Code of Criminal Procedure Article 873 prohibits the trial court from imposing sentence until at least twenty-four hours after it has denied a motion in arrest of judgment unless the defendant expressly waives the delay or pleads guilty. An express waiver occurs when defense counsel responds affirmatively when the trial court asks if he is ready for sentencing. *See State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *Cf. State v. Marcotte*, 01-1586 (La.App. 3 Cir. 5/15/02), 817 So.2d 1245, *writ denied*, 02-1687 (La. 2/7/03), 836 So.2d 96.

---

[6]Defense counsel filed a motion for judgment of acquittal, but orally amended the title of the motion to a motion in arrest of judgment.

4

The record contains no colloquy between the defendant and the trial court as to the defendant's readiness for sentencing. The trial court did not question the parties as to whether or not they were ready to proceed with the sentencing, and the trial court did not ask the defendant if he wanted to waive the twenty-four-hour delay provided for in La.Code Crim.P. art. 873. Thus, the defendant did not expressly waive the delay in sentencing. Because the defendant challenged his sentences on appeal, the error cannot be considered harmless. *State v. Augustine*, 555 So.2d 1331 (La.1990). Thus, we find it necessary to vacate the defendant's sentences and remand this matter to the trial court for resentencing.

### *Assignment of Error Number 1*

In this assignment of error the defendant asserts that the state failed to establish beyond a reasonable doubt that he committed the offenses of attempted molestation of a juvenile or indecent behavior with juveniles. When the sufficiency of evidence is attacked on appeal, the scope of review is well settled.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Weary*, 2003-3067 p. 17 (La.4/24/06), 931 So.2d 297, 310, pet. for cert. filed September 20, 2006 (No. 06-6799) [*cert denied*, 06-6799, _ U.S. _, 127 S.Ct. 682 (2006)]; *State v. Captville*, 448 So.2d 676, 678 (La.1984). The fact-finder weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. *State v. Dabney*, 2002-934 p. 1 (La.4/9/03), 842 So.2d 326, 327; *State ex rel. Graffagnino v. King*, 436 So.2d 559, 563 (La.1983) ("It is the role of the fact-finder to weigh the respective credibilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the *Jackson* standard of review."). "However, we are mindful that the touchstone of *Jackson v. Virginia* is rationality and that 'irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent

5

necessary to guarantee the fundamental protection of due process of law.' " *State v. Davis*, 2002-1043 p. 2-3 (La.6/27/03), 848 So.2d 557, 558 *citing State v. Mussall*, 523 So.2d 1305, 1310 (La.1988) (emphasis in original).

*State v. Ordodi*, 06-207, p. 10 (La. 11/29/06), 946 So.2d 654, 660.

As previously noted, the state charged the defendant with molestation of a juvenile.

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

La.R.S. 14:81.2(A).

With regard to the state's burden of proof, the second circuit in *State v. Mickens*, 31,737, p. 3 (La.App. 2 Cir. 3/31/99), 731 So.2d 463, 466, *writ denied*, 99-1078 (La. 9/24/99), 747 So.2d 1118, stated the following:

> To convict a defendant of molestation of a juvenile, the state must prove: (1) the defendant is a person over the age of 17; (2) the victim is a person under the age of 17; (3) there is an age difference of at least two years between the persons; (4) the defendant committed a lewd or lascivious act upon the person or in the presence of the victim; (5) the defendant committed such act with the intention of arousing or gratifying the sexual desires of either the defendant or the victim; and (6) the defendant committed the act either by the use of (a) force, violence, duress, menace, psychological intimidation, or threat of great bodily harm, or (b) influence by virtue of a position of control or supervision over the victim.

*See also, State v. Teague*, 04-1132 (La.App. 3 Cir. 2/2/05), 893 So.2d 198; *State v. Bey*, 03-277 (La.App. 3 Cir.10/15/03), 857 So.2d 1268.

6

As previously noted, the jury found the defendant guilty of responsive verdicts in both the second and third counts of the indictment. Both verdicts are responsive to that of molestation of a juvenile. La.Code Crim.P. art. 815.

In the second count, the jury found the defendant guilty of attempted molestation of a juvenile. With regard to the attempt offense, La.R.S. 14:27(A) provides that "[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended."

In the third count, the jury found the defendant guilty of indecent behavior with juveniles. Louisiana Revised Statutes 14:81(A)(1) provides that this offense is "the commission . . . with the intention of arousing or gratifying the sexual desires of either person" of "[a]ny lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons." Additionally, "[l]ack of knowledge of the child's age shall not be a defense." *Id.* The court in *Mickens*, 731 So.2d at 466, noted that the state's burden of proof in such a case "is identical to the crime of molestation of a juvenile except that it does not require proof of the use of any type of force or influence as set forth in element 6."

Even though they are lesser and included verdicts, the defendant argues in this assignment of error that the evidence does not support the verdicts rendered. After reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that not only did the state present proof beyond a reasonable doubt of each of the essential elements of the responsive verdicts, but of the original charges as well.

7

With regard to the age elements of proof, the evidence established that the defendant was born on January 29, 1956, and the defendant does not contest this fact. Therefore, he was over the age of seventeen in 1994 when the offenses are alleged to have occurred. Additionally, as previously noted, both victims were under the age of seventeen at the time. Given their specific birthdays, it is also undisputed that there was more than two years difference in the age of the defendant and both of his victims.

Whether the defendant committed a lewd or lascivious act upon the person or in the presence of R.C.J. and M.W.J., or whether any act committed was with the intention of arousing or gratifying his or the children's sexual desires are the primary elements at issue on appeal. The supreme court in *State v. Prejean* 216 La. 1072, 1078, 45 So.2d 627, 629 (1950) provided guidance on how to determine what constitutes lewd and lascivious activity:

> The word 'lewd' means lustful, indecent, lascivious, and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner. The word 'lascivious' means tending to excite lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in respect to sexual relations.

*See also, State v. Holstead*, 354 So.2d 493 (La.1977); *Teague*, 893 So.2d 198.

The defendant asserts in brief that any touching that might reasonably be considered inappropriate occurred incidental to horseplay with the children while swimming. Although he testified that he had no independent recollection of the August 1994 activity, he acknowledged that he probably touched R.C.J. while playing in the water, and that he may have grabbed him around the waist and tossed him in the air.

8

With regard to the exposure assertions of M.W.J., the defendant points to the fact that she did not testify concerning any noticeable deformities of his skin when he allegedly exposed himself. The defendant testified at trial that he suffered from psoriasis which would be very noticeable on his arms, legs, back, chest, stomach, buttocks, and genitalia when active. M.W.J. testified that she was aware that the defendant had a skin condition, but did not testify that she observed the condition when he exposed himself. However, while the psoriasis condition may have been established, the defendant presented no evidence of the specific areas affected at the time of the alleged offenses. Therefore, M.W.J.'s failure to testify about the psoriasis condition does not establish that the defendant did not expose himself to her. It is obvious that the jury chose to believe the testimony of R.C.J. and M.W.J. rather than that of the defendant concerning the defendant's behavior and we are not to second guess those credibility determinations beyond the sufficiency evaluations under the *Jackson* standard of review.

The final element of proof required for conviction of molestation of a juvenile is the control element. The evidence establishes that the defendant and his wife took R.C.J. and M.W.J. on the outing and were the only adults present. Not only was the defendant the adult in charge during the outing, but at the time of the offense, he was the pastor of the church attended by the two children. As previously stated, this element is not required in proving the defendant's guilt of indecent behavior with juveniles.

In *State ex rel. Elaire v. Blackburn*, 424 So.2d 246, 252 (La.1982), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2432 (1983), the supreme court found that compromise verdicts are permissible, so long as the evidence supports either the verdict given or

the original charge.  In this case, the evidence supports both.  Therefore, we find no merit in this assignment of error.

### *Assignment of Error Number 2*

In this assignment of error, the defendant asserts that the trial court erred in allowing the state to present the testimony of R.C.J., M.W.J., D.F., and K.D. relative to other instances of the defendant's criminal conduct.  In considering this assignment of error, we first note that generally a trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion.  *State v. Anderson,* 41,489 (La.App. 2 Cir. 11/1/06) 942 So.2d 625.

The state relied on the provisions of La.Code Evid. art. 412.2(A) in introducing the evidence at issue.  It provides:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Louisiana Code of Evidence Article 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

Clearly the evidence provided by the testimony of the four individuals, if believed, indicates a lustful disposition toward children.  Additionally, we cannot say that the trial court abused its discretion in concluding that the probative value of the evidence was substantially outweighed by the factors found in La.Code Evid. art. 403.

10

In reaching this conclusion, we note that the trial court instructed the jury concerning how it was to receive this evidence. In doing so, the trial court stated the following:

> Evidence that the Defendant was involved in the commission of offenses other than the offenses for which he is on trial is to be considered only for a limited purpose. The purpose for which such evidence may be considered is whether it tends to show a lustful disposition toward children.

*See State v. Willis*, 05-218 (La.App. 3 Cir. 11/2/05), 915 So.2d 365, *writ denied*, 06-186 (La. 6/23/06), 930 So.2d 973, *cert. denied*, 06-388, __ U.S. __, 127 S.Ct. 668 (2006). Therefore, we find no merit in this assignment of error.

### *Assignment of Error Number 3*

When the jury returned to the court room after completing its deliberations, the deputy clerk of court asked the jury as a group whether the verdict returned was their individual verdict. As to all three counts, the jurors stated in unison that it was their verdict. At that point, counsel for the defendant requested that the jury be polled as to the second and third counts only. The trial court then ordered that the individual jurors respond to the polling requests by filling out a written questionnaire. The written responses indicated that the verdict on those two counts were not unanimous. Immediately, the defendant's counsel moved for a mistrial, to which the trial court did not respond. The state then asked that the jury be polled in writing as to count one of the indictment. The written responses indicated that this verdict was also not unanimous.

Faced with the inconsistent responses from the jury, the trial court then instructed the deputy clerk of court to poll the individual jurors as to each individual count. When individually polled orally, the results reflected that the jury was unanimous on the second and third counts, but not on the first. The trial court then

11

questioned the jury concerning the need for further deliberations. When the jury responded that additional deliberations would not break the deadlock on the first count, the trial court declared a mistrial as to that count only. Then and only then did the trial court consider the request by the defendant for a mistrial.

In arguing the mistrial motion, the defendant's counsel asserted that the jury was obviously "disturbed" with the verdict and the dichotomy between the written polling and the oral polling warranted a mistrial on all charges. The trial court denied the motion as to the second and third charges.

In its brief to this court in support of this assignment of error, the defendant asserts that the trial court erred in failing to comply with the mandates of La.Code Crim.P. art. 812 (2) in polling the jury in writing. Specifically, he asserts that when the trial court's only choices were to either remand the jury for further deliberations or declare a mistrial when it received the individual written votes on counts two and three. By following the written polling by the oral polling, the defendant argues, the trial court removed the secrecy of the written balloting process and compelled the dissenting juror to conform to the majority vote. He further argues on brief that he was prejudiced, as the original verdict on count one was not guilty and, at the end of polling, the not guilty verdict was converted to a mistrial.[7]

We decline to review this assignment of error based on the reasons argued because they were not first argued at trial. Uniform Rules—Courts of Appeal, Rule 1-3.

---

[7]As a result of the entry of a mistrial, the defendant may be retried on count one.

### *Assignment of Error Number 4*

Finally, the defendant contends the sentences imposed are excessive. Because we vacate the defendant's sentences pursuant to La.Code Crim.P. art. 873, we need not consider this issue

## DISPOSITION

For the foregoing reasons, we affirm the defendant's convictions in all respects. We vacate the sentences imposed by the trial court and remand this matter to the trial court for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.