**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0452

STATE OF LOUISIANA

VERSUS

DAVID DOYLE

Judgment Rendered: **MAR 1 1 2021**

* * * * *

On Appeal from the
18th Judicial District Court
Parish of West Baton Rouge, State of Louisiana
No. 171551

The Honorable Tonya S. Lurry, Judge Presiding

* * * * *

Richard J. Ward, Jr.                        Counsel for the State of Louisiana
District Attorney
Terri Russo Lacy
Scotty E. Chabert, Jr.
Assistant District Attorneys
Port Allen, Louisiana


Yigal Bander                                Counsel for Defendant/Appellant,
Brooke Delaune                              David Doyle
Baton Rouge, Louisiana


* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The defendant, David J. Doyle, was charged by amended bill of information with attempted aggravated rape,[1] a violation of La. R.S. 14:27 and La. R.S. 14:42(A)(4) (count I); sexual battery (victim under the age of thirteen years), a violation of La. R.S. 14:43.1 (count II); two counts of oral sexual battery (victim under the age of thirteen years), violations of La. R.S. 14:43.3 (counts III and IV); indecent behavior with a juvenile, a violation of La. R.S. 14:81(A)(1) (count V); and indecent behavior with a juvenile, a violation of La. R.S. 14:81(A)(2) (count VI). He pled not guilty on all counts. Following a jury trial, he was found not guilty on counts I - IV and guilty as charged on counts V and VI. Ten of the twelve jurors concurred in the verdict. After denying the defendant's motion for judgment of acquittal or new trial, the trial court imposed concurrent sentences of eighteen years at hard labor. The defendant now appeals, challenging both the sufficiency of the evidence to support his convictions and the constitutionality of the non-unanimous verdicts. We vacate the convictions and sentences and remand.

## FACTS

The victim, K.G.,[2] is the defendant's cousin and was seventeen years old at time of trial. The defendant was thirty-two years old at the time of trial. K.G. testified that when she was between the ages of eleven and thirteen, multiple incidents occurred in which the defendant showed her a pornographic film, masturbated in front of her, forced her to perform oral sex on him, undressed her and touched her vagina, and attempted to vaginally penetrate her with his penis. K.G. provided detailed accounts of the separate incidents as well as a physical description of the defendant's anatomy. The defendant also testified at trial. He claimed that

---

[1]    By 2015 La. Acts Nos. 184, §1 and 256, §1, the offense of aggravated rape was renamed first degree rape.

[2]    The victim is referenced herein only by her initials. See La. R.S. 46:1844(W).

2

all of K.G.'s testimony was untrue and that K.G. once saw his penis when he used the bathroom without securing the door.

## SUFFICIENCY OF THE EVIDENCE

In his first issue for review, the defendant contends the evidence was insufficient to support the convictions on counts V and VI. In regard to count V, the defendant argues the testimony offered in support of the conviction was "riddled with inconsistencies such that no rational trier of fact could have found [the defendant] guilty beyond a reasonable doubt." In regard to count VI, the defendant argues the evidence was insufficient to prove that he showed the victim pornography in order to satisfy his or her sexual desires.

When issues are raised on appeal contesting the sufficiency of the evidence and alleging one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. **State v. Hearold**, 603 So.2d 731, 734 (La. 1992); **State v. Duhon**, 2018-0593 (La. App. 1st Cir. 12/28/18), 270 So.3d 597, 609, writ denied, 2019-0124 (La. 5/28/19), 273 So.3d 315; see also **State v. Self**, 98-39 (La. App. 3d Cir. 8/19/98), 719 So.2d 100, 101, writ denied, 98-2454 (La. 1/8/99), 734 So.2d 1229. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under **Hudson v. Louisiana**, 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proven beyond a reasonable doubt. **Hearold**, 603 So.2d at 734; **Duhon**, 270 So.3d at 609. When the entirety of the evidence is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion of trial error issues as to that crime would be pure dicta since those issues are moot. However, when the entirety of the evidence is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must

3

then consider the other assignments of error to determine whether the accused is entitled to a new trial. If the reviewing court determines that there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused will be granted a new trial, but is not entitled to an acquittal. See **Hearold**, 603 So.2d at 734, **Duhon**, 270 So.3d at 609.

A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const. amend. XIV, La. Const. art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, an appellate court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt based on the entirety of the evidence, both admissible and inadmissible, viewed in the light most favorable to the prosecution. See **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); **State v. Oliphant**, 2013-2973 (La. 2/21/14), 133 So.3d 1255, 1258 (*per curiam*); see also La. Code Crim. Pro. art. 821B; **State v. Mussall**, 523 So.2d 1305, 1308-09 (La. 1988). When circumstantial evidence forms the basis of the conviction, the evidence, "assuming every fact to be proved that the evidence tends to prove ... must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; **Oliphant**, 133 So.3d at 1258.

The due process standard does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt beyond a reasonable doubt. **State v. Mire**, 2014-2295 (La. 1/27/16), 269 So.3d 698, 703 (*per curiam*). Rather, appellate review is limited to determining whether the facts established by the direct evidence and inferred from the circumstances established by that evidence are sufficient for any rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. **State v. Gardner**, 2016-0192 (La. App. 1st Cir. 9/19/16), 204 So.3d 265, 267. The weight given evidence is not subject to appellate review; therefore,

4

an appellate court will not reweigh evidence to overturn a factfinder's determination of guilt. **State v. Livous,** 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1040, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130.

The crime of indecent behavior with a juvenile is defined in La. R.S. 14:81 as:

> A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
>
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense; or
>
> (2) The ... delivery or utterance of any ... visual, ... or oral communication depicting lewd or lascivious conduct, ... or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.

As used in the statute, the word "lewd" means lustful, indecent, lascivious, and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner. The word "lascivious" means tending to excite lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in respect to sexual relations. **State v. Law,** 2015-0210 (La. App. 1st Cir. 2/24/16), 189 So.3d 1164, 1168, writ denied, 2016-0926 (La. 4/24/17), 220 So.3d 740 (quoting **State v. Prejean,** 216 La. 1072, 1078, 45 So.2d 627, 629 (1950)).

In reviewing the sufficiency of the evidence, we decline to discuss all of the evidence in detail. Because this case must be retried, as discussed in the next section, discussing the evidence in detail here would be tantamount to giving an impermissible advisory opinion. See **State v. Trosclair,** 2020-0187 (La. App. 1st Cir. 12/21/20) (unpublished), 2020 WL 7488133, *3. Nevertheless, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. See **State v. Ordodi,** 2006-0207 (La. 11/29/06), 946 So.2d 654,

5

662. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (*per curiam*). To otherwise accept a hypothesis of innocence that was not unreasonably rejected by the fact finder, a court of appeal impinges on a fact finder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law. See **Mire**, 269 So.3d at 703. This assignment of error is without merit.

## NON-UNANIMOUS JURY VERDICT

In the recent decision of **Ramos v. Louisiana**, ___ U.S. ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 593 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**,[3] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further indicated its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos,** 140 S.Ct. at 1406.

The record establishes the defendant's convictions for these serious offenses are the result of a non-unanimous verdict; therefore, **Ramos** requires that the

---

[3]  In **Apodaca**, the Supreme Court upheld the Oregon state constitution's non-unamimous jury verdict provision. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), was decided with **Apodaca** and upheld Louisiana's then-existing constitutional and statutory provisions allowing non-unanimous jury verdicts in criminal cases.

convictions and sentences be set aside, and the case remanded to the trial court for

further proceedings.[4]

**CONVICTIONS AND SENTENCES VACATED; CASE REMANDED.**

---

[4]     The State argues the verdicts returned in this matter on counts I – IV (the verdicts finding the defendant not guilty) should also be subject to the unanimous verdict requirement of **Ramos**, and therefore the defendant should be retried on all six counts. That issue, however, is beyond the scope of appellate review. See La. Code Crim. P. arts. 912(B)("[t]he state cannot appeal from a verdict of acquittal") and 920.